Dear Mr. Broussard:
You have requested an opinion of this office with regard to whether, in the absence of a succession proceeding and/or a judgment of possession, taxes should be assessed to a vendee, the present record owner, who acquires property from the purported heirs of a deceased person. Your specific inquiry concerns a cash deed from the purported heirs of Lucy Domingue to Al Mendoza, which is dated October 11, 1991, and bears a file date of October 17, 1991. As of January 1, 1992, Al Mendoza was the record owner.
LSA-R.S. 47:1952(A) states:
 All property subject to taxation, including merchandise or stock in trade, shall be placed upon the assessment lists in the respective parishes or districts where situated. Assessments shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the 1st day of January but before the assessor files the tax roll with the tax collector as required by R.S. 47:1993, if practicable. If the assessor makes such note on the tax rolls, the tax notice shall then be sent to such owner in lieu of the owner of the property as of January first.
In the case of Palmer v. Board of Assessors, 8 So.2d 487 (La. 1890), the court held that assessors are not bound to look beyond recorded titles to property. Further, Atty. Gen. Op. dated 1928-1930, p. 9, states that the property must be assessed to the owner of record without regard to any defects which may exist or which are supposed to exist in his title. And Atty. Gen. Op. dated 1960, p. 370 indicates that, where forced heirs sold immovable property, it was not incumbent on the tax assessor of Webster Parish to require succession proceedings in order to make an assessment. In the absence of fraud or where the assessor has reason to believe that the purported heirs are not the actual heirs, the assessment should be made in the name of the purchaser of record.
Therefore, it is the opinion of this office that the assessor must assess taxes to the record owner without inquiring into any defects which may exist in his title, including the lack of a succession proceeding and/or judgment of possession. The fact that the succession of Lucy Domingue was never opened and that there may be other heirs with a claim to the property should not be considered, and the taxes on the property in question may properly be assessed to Al Mendoza, the record owner of the property on January 1, 1991.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 0581l
OPINION NUMBER 91-262
RELEASED AUGUST 2, 1991
125 — TAXATION — Homestead exemption CONST 7.20
An heir who is otherwise qualified to a homestead exemption, may obtain the exemption before having a judgment of possession.
Mr. Erroll G. Williams, Assessor Third Municipal District 4E01 City Hall New Orleans, LA 70112